BRIAN E. MIDDLEBROOK
BMIDDLEBROOK@GRSM.COM

JARED M. MOGIL
JMOGIL@GRSM.COM

CHRISTOPHER PALMIERI
CPALMIERI@GRSM.COM

GORDON&REES
SCULLY MANSUKHANI
YOUR 50 STATE PARTNER®

ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
WWW.GRSM.COM

March 20, 2025

**Via ECF**
The Honorable Judge Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

**Re: Phil Felice, et al v. Westpark Capital, Inc., et al.**
**Case No. 1:23-cv-10138-JPO**

Dear Judge Oetken:

We are the attorneys for defendant Robert Ainbinder ("R. Ainbinder") with respect to the above-referenced matter. R. Ainbinder respectfully joins in those certain letters filed on behalf co-defendants NYIAX, Inc. [ECF Doc. 103] and Westpark Capital, Inc. ("Westpark") [ECF Doc. 105], advising that this Court no longer has subject-matter jurisdiction over Dawn Felice's, Phil Felice's, Michael Carey's, and Frank Held's claims as a result of the Court's opinion on R. Ainbinder's motion to dismiss. [*See* ECF No. 79].

As it pertains to R. Ainbinder, Plaintiffs' asserted that this Court had jurisdiction pursuant to 28 U.S.C § 1331 based on alleged violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, as well as alleged violations of sections of the Investment Advisers Act of 1940. [ECF No. 1, ¶ 14]. The Complaint pleads no other basis for subject-matter jurisdiction.

As identified by Westpark, Fed. R. Civ. P. 12(b)(1) and 12(h)(3), state "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The lack of subject-matter jurisdiction can be asserted at any time during the pendency of an action. Here, as it relates to R. Ainbinder, the Court dismissed all claims brought pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder against all Plaintiffs, except as to the Spivack's 2020-2022 loans, and all claims made pursuant to the Investment Advisers Act of 1940. [*See* ECF No. 79 at 51]. As such, and as has been asserted by co-defendants, it is respectfully requested that this Court find there remains no basis for federal question subject-matter jurisdiction as to Plaintiffs Dawn Felice, Phil Felice, Michael Carey and Frank Held.[1]

As all claims arising under a federal question have been dismissed against R. Ainbinder, excluding those relating to the Spivack's 2020-2022 loans, the only pled basis for this Court's

[1] All claims brought by Vincent Ruta against R. Ainbinder have been dismissed in its entirety. [*See* ECF No. 79 at 50].

subject matter jurisdiction has been extinguished. "If there is no subject-matter jurisdiction over a claim, the Court lacks authority to consider the merits of the case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

As this Court has held in the past, the "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte." Narang v. Armour*, 2024 U.S. Dist. LEXIS 28183 (Oetken, J.) (*citing Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To be sure, the claims brought by Steven and Linda Spivack and Paul and Kathleen Spivack are entirely separate from the remaining Plaintiffs. Not only were those investments in a different form from the other Plaintiffs, *i.e.*, a convertible loan, but they were also placed three (3) years after the final investments from the other Plaintiffs. As asserted by NYIAX, Inc., the Spivack's are not joint investors with any of the other Plaintiffs, and there are no such allegations here. [*See generally* ECF No. 1]. The claims brought by Steven and Linda Spivack and Paul and Kathleen Spivack stand alone.

To the extent that Plaintiffs contend that this Court is required to exercise supplemental jurisdiction, such an argument would be misplaced. A court can exercise discretion to decline supplemental jurisdiction when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction" and if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367.

As previously noted, the majority of initial Plaintiffs have had all of their respective federal question claims dismissed entirely. Only the Spivack Plaintiff's claims concerning convertible loans raise a federal question, which represents only $177,500 of the $1,227,500 invested into NYIAX, Inc. and otherwise is disputed in this action. Suffice to say, the state law claims predominate, and the Court would be well within its discretion to decline to exercise supplemental jurisdiction. Moreover, as it relates to Plaintiffs Dawn Felice, Phil Felice, Michael Carey and Frank Held, each and every federal claim has been dismissed. [ECF No. 79.] Notably, the Spivacks are the only parties to this litigation to issue convertible loans, and such loans were not issued jointly with any of the other remaining Plaintiffs.

We thank the Court for its consideration and remain at the Court's convenience.

Respectfully,

GORDON REES SCULLY MANSUKHANI, LLP

*Attorneys for Defendant*
*Robert Ainbinder*

By: ______________________
Brian E. Middlebrook, Esq.
Jared Mogil, Esq.

Christopher Palmieri, Esq.
One Battery Park Plaza, 28th Floor
New York, New York 10004
T: (212) 269-5500
F: (212) 269-5505