**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **PHIL FELICE, Individually and on behalf of CAMA Plan FBO PHIL FELICE ROTH IRA, DAWN FELICE, Individually and on behalf of CAMA Plan CAMA PLAN FBO DAWN FELICE ROTH IRA, MICHAEL CAREY Individually and on behalf of CAMA Plan, STEVEN SPIVACK, LINDA SPIVACK, PAUL SPIVACK, KATHLEEN SPIVACK, FRANK HELD, VINCENT RUTA,** | : : : : : : : : : : : : | **Civil Action No.** 1:23-cv-10138-JPO-KHP  **WESTPARK CAPITAL, INC.'S ANSWER – PART 1**  **JURY TRIAL DEMANDED** |
| Plaintiffs, | : : : | |
| v. | : : | |
| **WESTPARK CAPITAL, INC., ROBERT AINBINDER, MICHAEL AINBINDER, and NYIAX, INC.** | : : : : | |
| Defendants. | : : | |

Defendant WestPark Capital, Inc. (hereinafter referred to as "Defendant," "Answering Defendant," or "WestPark"), by and through its attorneys, Kamps Legal P.C., as and for its Answer with Affirmative Defenses to the Complaint (the "Complaint") of Plaintiffs[1] Phil Felice, Dawn Felice, Michael Carey, Steven Spivak, Linda Spivack, Paul Spivack, Kathleen Spivack, Frank Held ("Plaintiffs"), upon information and belief, sets forth as follows:

**THE PARTIES**

1. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.

---

[1] The Court dismissed Vincent Ruta.

1

2. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

3. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3.

4. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4.

5. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5.

6. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6.

7. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 7.

8. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 8.

9. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 9.

10. Answering Defendant admits the allegations contained in paragraph 10.

11. Answering Defendant admits the allegations contained in paragraph 11.

12. Answering Defendant admits the allegations contained in paragraph 12.

13. Answering Defendant admits the allegations contained in paragraph 13.

### JURISDICTION AND VENUE

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a

response is required, Answering Defendant denied sufficient knowledge or information to form a belief as to the truth of the allegations.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations.

<u>**JOINDER OF PLAINTIFFS**</u>

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations.

18. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18.

19. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19.

<u>**STATEMENT OF FACTS**</u>

A. *Plaintiffs Factual Background*s

20. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20.

21. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21.

22. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22.

23. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23.

24. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24.

25. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25.

26. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26.

27. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27.

28. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28.

29. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29.

30. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30.

31. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31.

32. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32.

33. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33.

34. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34.

35. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 35.

36. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36.

37. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37.

38. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38.

39. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39.

40. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40.

41. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41.

42. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42.

43. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43.

44. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44.

45. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45.

46. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46.

47. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47.

48. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48.

49. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49.

50. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50.

51. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51.

52. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52.

53. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53.

54. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54.

55. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55.

56. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56.

57. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57.

58. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 58.

59. No response is required as the claims made by Plaintiff Vincent Ruta against WestPark have been dismissed.

60. No response is required as the claims made by Plaintiff Vincent Ruta against WestPark have been dismissed.

61. No response is required as the claims made by Plaintiff Vincent Ruta against WestPark have been dismissed.

62. No response is required as the claims made by Plaintiff Vincent Ruta against WestPark have been dismissed.

63. No response is required as the claims made by Plaintiff Vincent Ruta against WestPark have been dismissed.

64. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64.

### B. Defendants' Factual Background and Interrelatedness

65. Answering Defendant admits the allegations contained in paragraph 65.

66. Answering Defendant admits the allegations contained in paragraph 66, except denies the allegations that the customer complaints "resulted in substantial arbitration awards."

67. Answering Defendant denies the allegations contained in paragraph 67.

68. Answering Defendant admits the allegations contained in paragraph 68.

69. Answering Defendant admits the allegations contained in paragraph 69.

70. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70.

71. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 71.

72. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72.

73. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73.

74. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74.

75. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75.

76. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76.

77. Answering Defendant admits the allegations contained in paragraph 77.

78. Answering Defendant admits the allegations contained in paragraph 78.

### C. Plaintiffs' Introduction to NYIAX

79. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79.

80. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80.

81. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81.

82. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82.

83. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 83.

84. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84.

85. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85.

86. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86.

87. Answering Defendant admits the allegations contained in paragraph 87.

88. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88.

89. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89.

90. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90.

91. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91.

### D. Facts Common to All Plaintiffs

92. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 92.

93. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93.

94. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94.

95. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95.

96. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96.

97. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97.

98. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98.

99. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99.

100. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100.

101. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101.

102. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102.

103. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103.

104. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104.

105. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 105.

106. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 106.

107. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107.

108. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 108.

109. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109.

110. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110.

111. Answering Defendant admits the allegations contained in paragraph 111

112. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112.

113. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113.

114. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114.

115. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 115.

116. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116.

117. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117.

118. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 118.

119. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119.

120. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120.

121. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121.

122. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122.

123. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123.

124. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124.

125. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125.

### E.  Mr. Felice Communications with Mr. Ainbinder on behalf of Plaintiffs

126. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126.

127. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127.

128. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128.

129. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 129.

130. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 130.

131. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131.

132. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 132.

133. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 133.

134. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 134.

135. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 135.

136. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 136.

137. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 137.

### F. Robert Ainbinder's Recent Communications to Plaintiffs

138. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 138.

139. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 139.

140. Answering Defendant denies sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 140.

141. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101.

142. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142.

143. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143.

144. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101.

### G. Damages

145.

    a. Answering Defendant denies each and every allegation contained in paragraph 145(a).

    b. Answering Defendant denies each and every allegation contained in paragraph 145(b).

    c. Answering Defendant denies each and every allegation contained in paragraph 145(c).

    d. Answering Defendant denies each and every allegation contained in paragraph 145(d).

    e. Answering Defendant denies each and every allegation contained in paragraph 145(e).

    f. Answering Defendant denies each and every allegation contained in paragraph 145(f).

146. Answering Defendant denies each and every allegation contained in paragraph 146.

## COUNTS ALLEGED

### COUNT ONE:
### VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER AS TO ALL DEFENDANTS

147. Defendant repeats and reiterates each and every denial asserted in response to paragraph "1" through "146" of the complaint with the same force and effect as though set forth fully at length herein.[2]

148.

    a. Answering Defendant denies each and every allegation contained in paragraph 148(a).

    b. Answering Defendant denies each and every allegation contained in paragraph 148(b).

    c. Answering Defendant denies each and every allegation contained in paragraph 148(c).

149. Answering Defendant denies each and every allegation contained in paragraph 149.

150. Answering Defendant denies each and every allegation contained in paragraph 150.

151. Answering Defendant denies each and every allegation contained in paragraph 151.

### COUNT TWO:
### VIOLATIONS OF SECTION 2016(1) AND 206(2) OF THE ADVISERS ACT AS TO DEFENDANT ROBERT AINBINDER

152. Defendant repeats and reiterates each and every denied asserted in response to

---

[2] The allegations set forth in paragraphs 147 through 151 of the Complaint concern causes of action and parties that have been dismissed, and are thus moot as to all parties, except as to the 2020-2022 convertible loans from Paul Spivack, Linda Spivack, Kathleen Spivack, and Steven Spivack.

Paragraphs "1" through "151" of the Complaint with the same force and effect as though set forth fully at length herein.

153.

    a. The allegations set forth in paragraph 153(a) of the Complaint concern causes of action that are not directed to WestPark. To the extent a response is necessary, WestPark denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 153(a).

    b. The allegations set forth in paragraph 153(b) of the Complaint concern causes of action that are not directed to WestPark. To the extent a response is necessary, WestPark denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 153(b).

154. The allegations set forth in paragraph 154 of the Complaint concern causes of action that are not directed to WestPark. To the extent a response is necessary, WestPark denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 154.

155. The allegations set forth in paragraph 155 of the Complaint concern causes of action that are not directed to WestPark. To the extent a response is necessary, WestPark denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 155.

156. The allegations set forth in paragraph 156 of the Complaint concern causes of action that are not directed to WestPark. To the extent a response is necessary, WestPark denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 156.

**COUNT THREE:**
**FRAUD AS TO ALL DEFENDANTS**

157.  Defendant repeats and reiterates each and every denial asserted in response to paragraph "1" through "156" of the Complaint with the same force and effect as though set forth fully at length herein.

158.  Paragraph 158 contains legal conclusions to which no response is required.

159.  Paragraph 159 contains legal conclusions to which no response is required.

160.  Answering Defendant denies each and every allegation contained in paragraph 160.

161.  Answering Defendant denies each and every allegation contained in paragraph 161.

162.  Answering Defendant denies each and every allegation contained in paragraph 162.

163.  Answering Defendant denies each and every allegation contained in paragraph 163.

**COUNT FOUR:**
**MISREPRESENTATION AND OMISSION TO ALL DEFENDANTS**

164.   Defendant repeats and reiterates each and every denial asserted in response to paragraphs "1" through "163" of the Complaint with the same force and effect as though set forth at length herein.

165.  Paragraph 163 contains legal conclusions to which no response is required.

166.  Answering Defendant denies each and every allegation in paragraph 166.

167.  Answering Defendant denies each and every allegation in paragraph 167.

168.  Answering Defendant denies each and every allegation in paragraph 168.

169.  Answering Defendant denies each and every allegation in paragraph 169.

170.  Answering Defendant denies each and every allegation in paragraph 170.

**COUNT FIVE:**
**BREACH OF FIDUCIARY DUTY AS TO ALL DEFENDANTS**

171. Defendant repeats and reiterates each and every denial asserted in response to paragraphs "1" through "170" of the Complaint with the same force and effect as though set forth fully at length herein.

172. Paragraph 172 contains legal conclusions to which no response is required.

173. Paragraph 173 contains legal conclusions to which no response is required.

174. Answering Defendant denies each and every allegation contained in paragraph 174.

175. Answering Defendant denies each and every allegation contained in paragraph 175.

176. Answering Defendant denies each and every allegation contained in paragraph 176.

177. Answering Defendant denies each and every allegation contained in paragraph 177.

<u>**COUNT SIX:**</u>
<u>**BREACH OF CONTRACT AS TO ALL DEFENDANTS**</u>

178. Defendant repeats and reiterates each and every denial asserted in response to paragraphs "1" through "177" of the Complaint with the same force and effect as though set forth fully at length herein.

179. Paragraph 179 contains legal conclusions to which no response is required.

180. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

181. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

182.

    a. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

    b. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

183. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

<strong><u>COUNT SEVEN:</u></strong><br><strong><u>BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING AS TO ALL DEFENDANTS</u></strong>

184. Defendant repeats and reiterates each and every denial asserted in response to paragraphs "1" through "183" of the Complaint with the same force and effect as though set forth fully at length herein.

185. Paragraph 185 contains legal conclusions to which no response is required.

186. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

187. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

188. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

<strong><u>COUNT EIGHT:</u></strong><br><strong><u>FAILURE TO SUPERVISE AND/OR FAILURE TO IMPLEMENT A REASONABLE COMPLIANCE PROGRAM AS TO DEFENDANT WESTPARK</u></strong>

189. Defendant repeats and reiterates each and every denial asserted in response to paragraph "1" through "188" of the Complaint with the same force and effect as though set forth fully at length herein.

190. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

191. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

192. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

193. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

194. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

195. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

<u>**COUNT NINE:**</u>
<u>**FAILURE TO SUPERVISE AND/OR FAILURE TO IMPLEMENT A**</u>
<u>**REASONABLE COMPLIANCE PROGRAM AS TO DEFENDANT WESTPARK**</u>

196. Defendant repeats and reiterates each and every denial asserted in response to paragraphs "1" through "195" of the Complaint with the same force and effect as though set forth fully at length herein.

197. Paragraph 197 contains legal conclusions to which no response is required.

198. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

199. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

200. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

201. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

202. This cause of action has been dismissed by the Court as to WestPark; therefore, no

response is required.

**COUNT TEN:**
**UNSUITABILITY AS TO ALL DEFENDANTS**

203. Defendant repeats and reiterates each and every denial asserted in response to paragraph "1" through "202" of the Compliant with the same force and effect as though set forth fully at length herein.

204. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

205. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

206. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

207. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

208. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

**COUNT ELEVEN:**
**NEGLIGENCE AS TO ALL DEFENDANTS**

209. Defendant repeats and reiterates each and every denial asserted in response to paragraph "1" through "208" of the Complaint with the same force and effect as though set forth fully at length herein.

210. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

21

211. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

212. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

213. This cause of action has been dismissed by the Court as to WestPark; therefore, no response is required.

<u>**PUNITIVE DAMAGES, ATTORNEYS' FEES, INTEREST AND COSTS**</u>

214. Answering Defendant denies each and every allegation contained in paragraph 214.

215. Answering Defendant denies each and every allegation contained in paragraph 215.

216. Paragraph 216 contained legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies each and every allegation contained in paragraph 216.

217. Answering Defendant denies each and every allegation contained in paragraph 217.

218. Answering Defendant denies each and every allegation contained in paragraph 218.

219. Answering Defendant denies each and every allegation contained in paragraph 219.

220. Answering Defendant denies each and every allegation contained in paragraph 220.

221. Answering Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 221.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**AS AND FOR FIRST AFFIRMATIVE DEFENSE**</u>

222. The Complaint fails to state a cause of action upon which relief can be granted.

<u>**AS AND FOR SECOND AFFIRMATIVE DEFENSE**</u>

223. The cause(s) of action contained herein are time barred by operation of the applicable

Statutes of Limitations.

## AS AND FOR THIRD AFFIRMATIVE DEFENSE

224. Whatever injuries and/or damages the Plaintiffs may have sustained at the time and place mentioned in the Complaint and/or as a result of the occurrence alleged in the Complaint, all of which is denied by this Answering Defendant, were caused in whole or in part by the culpable conduct of Plaintiffs. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiffs, bears to the culpable conduct which caused said injuries.

## AS AND FOR FOURTH AFFIRMATIVE DEFENSE

225. All risks and danger of loss or damages connected with a situation alleged in the Complaint were at the time and place mentioned obvious, apparent and fully disclosed to Plaintiffs and were known by the Plaintiffs and voluntarily assumed by Plaintiffs.

## AS AND FOR FIFTH AFFIRMATIVE DEFENSE

226. The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom Answering Defendant neither had nor exercised control.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

227. The negligent or intentional acts or omissions of those responsible for the events and circumstances alleged in the Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the events and circumstances alleged.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

228. Each of the Plaintiffs was an accredited investor who acknowledged and accepted high investment risk tolerance and the speculative nature of investment in NYIAX.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

229. If Plaintiffs sustained damages as alleged in the Complaint, which is denied, then such damages were caused in whole or in part by reason of Plaintiffs' failure to mitigate their damages, and the amount of damages otherwise recoverable shall be reduced by such amount as is attributable to Plaintiffs' failure to mitigate.

## AS AND FOR NINTH AFFIRMATIVE DEFENSE

230. This Answering Defendant made no misrepresentations to the Plaintiffs herein nor any material omissions that induced the Plaintiffs to any act, nor upon which Plaintiffs relied in deciding to invest in NYIAX.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

231. Any misrepresentation or omission on the part of this Answering Defendant was not done with intent to deceive, manipulate, or defraud, Answering Defendant having relied on counsel and accountants for the disclosures made in regard to all offerings related to Plaintiffs' investments.

## AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

232. Plaintiffs have realized no loss.

## AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

233. Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel because the claims asserted, or the facts underlying them, have already been fully, finally, and bindingly litigated, or could have been litigated in prior proceedings, including arbitration or related matters, that fully bar the claims here, including FINRA Case No. 23-00512, and the Panel's rulings on WestPark's motions therein.

## AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

234. Plaintiffs' claims are barred, because they waived objection to the alleged omission and misrepresentations they now complain of.

### AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

235. Plaintiffs' claims are barred, because they ratified all disclosures and representations they now complain of.

### AS AND FOR FIFTEEN AFFIRMATIVE DEFENSE

236. Plaintiffs have not suffered an actual injury that is concrete and particularized and thus lack Article III standing to maintain suit.

### AS FOR SIXTEENTH AFFIRMATIVE DEFENSE

237. Any misleading statements attributable to WestPark, which are expressly denied, were the result of a bona fide error and was otherwise unintentional.

### AS FOR SEVENTEENTH AFFIRMATIVE DEFENSE

238. Plaintiffs' claims are barred, in whole or in part, because any alleged reliance on statements or omissions was not justifiable under the circumstances. Plaintiffs had access to offering documents and other public information and failed to exercise ordinary diligence.

### AS FOR THE EIGHTEENTH AFFIRMATIVE DEFENSE

239. Plaintiffs' claims are barred by one or more releases executed by Plaintiffs in favor of WestPark, which released any and all claims relating to the subject transactions. Said releases were not fraudulently induced and remain valid and enforceable.

### AS FOR NINETEENTH AFFIRMATIVE DEFENSE

240. Plaintiffs' claims are barred under the doctrine of *in pari delicto*, in that Plaintiffs actively participated in or were equally or more at fault for the alleged misconduct giving rise to their claimed injuries.

**AS FOR TWENTIETH AFFIRMATIVE DEFENSE**

241. Plaintiffs' claims are barred by the economic loss doctrine, in that the alleged damages arise solely from contractual relationships and do not give rise to an independent tort claim.

**AS FOR TWENTY-FIRST AFFIRMATIVE DEFENSE**

242. Plaintiffs' claims are barred by the parol evidence rule, to the extent they rely on oral or extrinsic representations that contradict the express terms of written agreements executed by the parties.

**AS FOR THE TWENTY-SECOND AFFIRMATIVE DEFENSE**

243. Plaintiffs' claims are barred, in whole or in part, by clear and enforceable disclaimer and no-reliance clauses contained in the offering documents, subscription agreements, or other written materials provided to Plaintiffs in connection with their investments.

**AS FOR TWENTY-THIRD AFFIRMATIVE DEFENSE**

244. Plaintiffs' claims for equitable relief are barred under the doctrine of unclean hands, as Plaintiffs acted inequitably, in bad faith, or otherwise contributed to the conduct they now challenge.

**AS FOR TWENTY-FOURTH AFFIRMATIVE DEFENSE**

245. The damages alleged by Plaintiffs, if any, were not proximately caused by any act or omission by WestPark, but rather were caused by Plaintiffs' own misrepresentations, omissions, and misconduct, including but not limited to false statements made during or in connection with their investments.

**AS FOR TWENTY-FIFTH AFFIRMATIVE DEFENSE**

246. Plaintiffs' claims are barred, in whole or in part, because WestPark had no contractual,

26

fiduciary, or advisory relationship with Plaintiffs. Any representations or omissions made by third parties are not attributable to WestPark.

### AS FOR THE TWENTY-SIXTH AFFIRMATIVE DEFENSE

247.  Plaintiffs' claims are barred to the extent that any alleged losses are speculative, hypothetical, or incapable of being calculated with reasonable certainty, and are thus not recoverable as a matter of law.

### AS FOR THE TWENTY-SEVENTH AFFIRMATIVE DEFENSE

248.  Plaintiffs' claims are barred under the doctrine of comparative fault, in that Plaintiffs materially contributed to the losses they allege through their acts, omissions, or misrepresentations.

**WHEREFORE**, WestPark reserves the right to amend and add additional affirmative defenses as may be appropriate based upon the facts and issues disclosed during the court of additional investigation and discovery as permitted by this Court.

**WHEREFORE**, WestPark demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and any further relief as this Honorable Court deems just, proper, and equitable, awarding the costs of this action.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable.

Dated: May 5, 2025                    By: _____

*Julie E. Kamps*

Julie E. Kamps, Esq.
Kamps Legal, P.C.
Attorney for Defendant
WestPark Capital Inc.